UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **ROBERT JACKSON, III**<br>**LA. DOC. NO. 383663**<br>**VS.**<br><br>**MADISON CORRECTIONAL CENTER,**<br>**ET AL.** | **CIVIL ACTION NO. 07-0855**<br><br>**SECTION P**<br>**JUDGE JAMES**<br><br>**MAGISTRATE JUDGE HAYES** |

### REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on May 16, 2007, by *pro se* plaintiff Robert Jackson, III. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the Richwood Correctional Center, Monroe, Louisiana. He complains that he was denied meaningful access to the court during the period between June 2002 – May 2004 while he was incarcerated a the Madison Correctional Center (MCC), Tallulah, Louisiana. He also complains that the LDOC has deprived him of "incentive wages" from the period commencing March 14, 1999 (the date of his arrest) until the present. He prays for compensatory damages. He has named as defendants the MCC, its Warden, Jimmy Shivers, Madison Parish Sheriff Larry Cox, and LDOC Secretary Richard Stalder.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous.

*Statement of the Case*

*1. Access to Court*

On December 11, 2000, plaintiff filed a civil rights suit in the Shreveport Division of this court complaining that while he was a pre-trial detainee at the Caddo Correctional Center he was denied his right of access to the courts. See *Robert Jackson, III vs. Caddo Correctional Center, et al.* No. 5:00-cv-2717.

On January 22, 2002, plaintiff was convicted of a felony; on June 16, 2002, he was adjudicated a multiple offender and sentenced to serve 17 years at hard labor in the custody of the LDOC.[1] On June 20, 2002, he was transferred to MCC where he remained until some time in May 2004.

On September 11, 2002, United States District Judge Tom Stagg granted the defendants' Motion for Summary Judgment and dismissed plaintiff's claims with prejudice. See *Robert Jackson, III vs. Caddo Correctional Center, et al.* No. 5:00-cv-2717 at doc. 161. On September 18, 2002, plaintiff filed a *pro se* Notice of Appeal. [*id.*, at doc. 162] On May 16, 2003, the Fifth Circuit affirmed the District Court's judgment in an unpublished opinion. See *Robert Jackson, III v. Caddo Correctional Center, et al.*, 67 Fed. Appx. 254, 2003 WL 21196206. On December 1, 2003, the United States Supreme Court denied his petition for writ of *certiorari*. *Robert Jackson,*

---

[1] See *State of Louisiana v. Robert Jackson, III*, 39,515 (La. App. 2 Cir. 3/2/2005) at *1, 895 So.2d 695, 697, "This criminal appeal arises from the First Judicial District Court, Parish of Caddo, State of Louisiana. Robert Jackson, III was convicted of the illegal use of a weapon by discharging a firearm in a crime of violence, adjudicated a habitual offender, and sentenced to 17 years at hard labor. Jackson appealed. His conviction was affirmed, but his adjudication as a habitual offender and his sentence were overturned. On remand, Jackson was again adjudicated a habitual offender and again sentenced to 17 years at hard labor. He filed a pro se appeal. For the following reasons, Jackson's adjudication as a habitual offender and his sentence are affirmed."

*III v. Caddo Correctional Center, et al.*, 540 U.S. 1052, 124 S.Ct. 810, 157 L.Ed.2d 703 (2003).

Petitioner was incarcerated at MCC when his civil rights complaint was pending on appeal in the Fifth Circuit Court of Appeals. He claims that because of deficiencies at the MCC law library "... he was blind to the procedural law in formulating his appellate brief, i.e., he did not know that he could not use references to his complaint or other documents in the record in his brief to make the court understand his arguments." [doc. 1-1, paragraph 4] Accordingly, he submitted a defective appeal brief which resulted in the denial of his appeal by the Fifth Circuit. [*id*., paragraph 7] Thereafter, plaintiff became inmate counsel at MCC. However, during his tenure as inmate counsel he was told that he could assist his fellow inmates in criminal matters, but could not provide assistance in civil matters. Further, the LDOC and defendant Stalder did not furnish plaintiff with the "required access to court that *Lewis v. Casey* requires..." [*id*., paragraphs 8-9] Plaintiff did not complain for fear of retaliation. [*id*., paragraph 10]

As noted above, plaintiff was transferred out of MCC in May 2004.

**2. Incentive Pay**

Plaintiff was arrested on March 14, 1999, and has been in custody since that date.

He claims that he is entitled to incentive wages $1.60/week from that date until January 2003 when he became a trustee at MCC. He claims that he is entitled to incentive wages of $8.00/week from January 2003 – May 2004. He also claims to be entitled to $1024 as incentive wages for the period between March 16, 1999 – May 16, 2007. He claims that the LDOC "... affords nonviolent offenders the ability to opt away their incentive wages for double good time for good behavior and performance of work from their initial date of arrest. To afford them such benefits when they do not work or participate in self help activities as pretrial detainees or even

now as DOC inmates to earn incentive wages in the 1st place to opt it away for double good time is a violation of Equal Protection /Due Process." [doc. 1-1, paragraphs 13-14]

*Law and Analysis*

*1. Initial Review*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986). District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's original complaint provides a detailed description of the facts relied upon to support his specific theories of liability with respect to the defendants. Therefore, further amendment of these pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, the undersigned concludes, for the reasons stated hereinafter, that the plaintiff's claims are frivolous.

### 2. Limitations (Access to Court Claim)

The applicable statute of limitation in a §1983 action is the forum state's personal injury limitations period. *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir.1998). In Louisiana, the limitations period for personal injury actions is one year. See La. Civil Code article 3492 ("Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained..."); *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir.1989).

While the period of limitations is provided by state law, federal law governs the determination of when a §1983 action accrues. *Jacobsen*, 133 F.3d at 319. Under federal law, a § 1983 action accrues when plaintiff "...becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Helton v. Clements*, 832 F.2d 332, 335

(5th Cir.1987). In other words, "[u]nder federal law, the [limitations] period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir.1995) (alteration in original) (internal quotation marks and citation omitted). "A plaintiff need not know that a legal cause of action exists; he need only know facts that would support a claim." *Id.* (citation omitted).

Plaintiff argues that he was denied access to court during his incarceration at MCC and suggests that this denial occurred (1) during the course of the appeal of his civil rights complaint against the Caddo Correctional Center; and, (2) during his tenure as inmate counsel at MCC.

With regard to his claim concerning the inadequacy of the MCC Law Library and the effect that the inadequacy had on his appeal, that claim accrued at the earliest on May 16, 2003, when the Fifth Circuit affirmed the judgment of the district court [see *Robert Jackson, III v. Caddo Correctional Center, et al.*, 67 Fed. Appx. 253 (5th Cir. 2003)], and at the latest on December 1, 2003, when the United States Supreme Court denied plaintiff's petition for writ of *certiorari*. See *Jackson v. Caddo Correctional Center*, 540 U.S. 1-52, 124 S.Ct. 810, 157 L.Ed.2d 703 (2003). Plaintiff had one year from the later of these dates to file his federal complaint, or until December 1, 2004. The instant complaint was not filed until May 2007 and is clearly prescribed.

With regard to his second claim, plaintiff, by his own admission, was incarcerated at MCC for the period between June 2002 – May 2004. His cause of action accrued on this second claim accrued, at the latest, in May 2004. Plaintiff had until May 2005 to file a complaint. The instant complaint is again clearly prescribed.

Equitable tolling principles apply to civil rights cases filed under 42 U.S.C. § 1983. *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir.1998). However, nothing herein suggests that this plaintiff is entitled to equitable tolling of the limitations period. Lack of knowledge about the law does not justify equitable tolling. See, *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (finding ignorance of the law does not excuse a person's failure to comply with a statute of limitations); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir.1999) (holding plaintiff's unfamiliarity with the legal process and lack of legal representation during the filing period do not warrant equitable tolling).

Plaintiff has not alleged any grounds to warrant equitable tolling. See *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir.2000) (discussing the availability of equitable tolling in the context of *habeas corpus* under the AEDPA and noting that neither ignorance of the law, lack of knowledge of filing deadlines, a prisoner's *pro se* status, lack of access to federal statutes and case law, incarceration, illiteracy, deafness, lack of legal training, nor actual innocence claims support equitable tolling of the AEDPA statute of limitations). See also *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir.2002) ("[equitable tolling] will not be applied where the applicant failed to diligently pursue ... relief...").

This petitioner was far from diligent in pursuing his claims. Petitioner implies that he feared retaliation from unnamed officials at MCC; however, as noted above, he was no longer in custody at MCC after May 2004 and he waited three years to file his complaint. In short, plaintiff's claims are clearly prescribed and he is not eligible for the benefits of equitable tolling. Further, the court is authorized to dismiss this complaint as frivolous because it was filed beyond the appropriate period of limitations. See *Gonzales v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir.1998).

*3. Incentive Wages*

Prisoners have no constitutional right to be paid for work performed in prison. *Wendt v. Lynaugh*, 841 F.2d 619 (5th Cir.1988), cited in *Rochon v. Louisiana State Penitentiary Inmate Account*, 880 F.2d 845, 846 (5th Cir. 1989). As the United States Fifth Circuit Court of Appeals has noted: "Compelling an inmate to work without pay is not unconstitutional.  The Thirteenth Amendment specifically allows involuntary servitude as punishment after conviction of a crime, and this Court has held that compensating prisoners for work is not a constitutional requirement but, rather, is by the grace of the state." *Murray v. Mississippi Department of Corrections*, 911 F.2d 1167, 1167-68 (5th Cir.1990) (citations and quotation marks omitted); see also *Loving v. Johnson*, 455 F.3d 562, 563 (5th Cir.2006).   Plaintiff's claim concerning incentive wages is also frivolous.[2]

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond

---

[2] Further, plaintiff's "equal protection" claim fares no better. He seems to complain about benefits accruing to other prisoners under Louisiana law. However, in order to maintain an equal protection claim, a prisoner-plaintiff "must allege and prove that he received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir.2001). Plaintiff has made no allegation he was treated differently from similarly situated individuals. To the contrary, he complains about the benefits afforded to the class of  non-violent offenders in the custody of the LDOC. Plaintiff, by his own admission,  is not a member of this class. Further, petitioner has set forth no factual basis supporting his claims. His equal protection claim is conclusional and frivolous. See *Arnaud v. Odom*, 870 F.2d 304, 307 (5th Cir.1989).

to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 2nd day of August, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE